United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40052
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JORGE GONZALEZ-ACOSTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-558-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Jorge Gonzalez-Acosta appeals his guilty-plea conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326 (a) and (b). Gonzalez-Acosta argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system.

We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed, (July 25, 2005) (No. 05-5556); see also United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). After Booker, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. Valenzuela-Quevedo, 407 F.3d at 733-34. However, nothing in the record indicates that the plain error affected Gonzalez-Acosta's substantial rights. See id.

Gonzalez-Acosta argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Gonzalez-Acosta acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he wishes to preserve the issue for Supreme Court review in light of Apprendi. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, we must follow Almendarez-Torres unless the Supreme Court overrules it. Dabeit, 231 F.3d at 984.

**AFFIRMED.**